**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**WILLIAM OTIS ARREDONDO**                                                                 **PETITIONER**
Reg #07903-010

VS.                              CASE NO.: 2:13CV00095 BD

**ANTHONY HAYNES, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                     **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

I.  **Background**

Petitioner William Otis Arredondo is currently serving a one-hundred-five month sentence at the Federal Correctional Complex ("FCC"), Forrest City, Arkansas. Mr. Arredondo challenges the manner in which the Bureau of Prisons ("BOP") has calculated his sentence. (Docket entry #2 at pp. 2-4) Specifically, he claims he is entitled to receive credit on his federal sentence for time he served on his state sentences. The Respondent, Warden Anthony Haynes, contends that the BOP has calculated Mr. Arredondo's sentence correctly under 18 U.S.C. §§ 3584 and 3585(b)(2). (#6, #9)

On February 15, 2007, Mr. Arredondo was arrested in Benton County, Arkansas, on charges that were dismissed on June 11, 2007. (#6-1 at pp. 6-10) At the time of his arrest, he had been released on a suspended sentence in Benton County Circuit Court case number CR2003-110. *Id*. at p. 3. Following his arrest, he was held in custody based on a possible revocation of his suspended sentence. *Id*. at pp. 3, 12-16. At the time of his

arrest, Mr. Arredondo was also on parole from a 72-month sentence imposed by the Circuit Court of Washington County, Arkansas in case number CR2003-188. *Id*.

Mr. Arredondo was indicted in the United States District Court on various drug-related charges on May 9, 2007. *Id*. at pp. 18-19. Following his indictment, Mr. Arredondo was temporarily transferred from Benton County to federal custody pursuant to a federal writ of habeas corpus ad prosequendum on May 14, 2007. *Id*. at pp. 21-22.

On August 27, 2007, while Mr. Arredondo was in federal custody on the federal writ, his suspended sentence was revoked by the Benton County Circuit Court in CR2003-110, and he was sentenced to a two-year term of imprisonment. *Id*. at p. 3, 6-16, 24-26. At the time of sentencing, the circuit court ordered his sentence to run consecutively to any future federal sentence and concurrently with the 72-month Washington County sentence he was already serving. *Id*. at pp. 6-16, 24-26.

Mr. Arredondo was sentenced to a 105 month term of imprisonment on his federal charges on April 3, 2008. *Id*. at pp. 28-33. On April 15, 2008, he was returned to state custody in Benton County to continue serving his state sentences. *Id*. at pp. 21-22. Benton County transferred Mr. Arredondo to the Arkansas Department of Correction ("ADC") on June 20, 2008, to continue to serve his state sentences. *Id*. at pp. 6-10. And on December 19, 2008, Mr. Arredondo was paroled from state custody and delivered to the primary custody of federal authorities to serve his federal sentence. *Id*. at pp. 12-16.

**II.  Sentence Credit**

The Attorney General, through the BOP, has responsibility for computing federal sentences and determining the commencement of sentences, under 18 U.S.C. § 3585. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351 (1992)).  The Court reviews the BOP's decision for abuse of the agency's "substantial discretion under 18 U.S.C. § 3621." *Fegans*, 506 F.3d 1101, 1105 (8th Cir. 2007).

Mr. Arredondo challenges the BOP's calculation of his sentence, claiming that the BOP should give him credit for time he served from the date of his arrest, February 15, 2007, until June 20, 2008.  (#1 at p. 4)  Warden Haynes argues that the BOP has appropriately calculated Mr. Arredondo's sentence under 18 U.S.C. § 3585.  (#6, #9 at pp. 3-4)

Whether a prisoner who committed a federal offense receives credit for time spent in custody is governed by 18 U.S.C. § 3585.  The statute provides:

Calculation of term of imprisonment

(a) Commencement of sentence.  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

   (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has *not been credited against another sentence*.

18 U.S.C. § 3585 (emphasis added). The Attorney General, through the BOP, has the authority to award credit under section 3585(b) for time served. *Tindall*, 455 F.3d at 888 (citing *Wilson*, 503 U.S. at 334-35).

Here, Mr. Arredondo was arrested by Benton County, Arkansas officers on February 15, 2007. Because state officials first obtained custody of Mr. Arredondo by arresting him, the State had primary jurisdiction over him. See *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). At the time of his arrest, Mr. Arredondo was on parole with time remaining on a 72-month sentence out of Washington County Circuit Court in Case Number CR2003-188. (#6-1 at p. 3, 12-16)

At that time, Mr. Arredondo was also free on a suspended sentence from Benton County Circuit Court in Case Number CR2003-110 and, after his arrest, was held to face possible revocation proceedings on his suspended sentence. *Id*. at pp. 9-10. Mr. Arredondo's suspended sentence was revoked on August 27, 2007, and he was sentenced to a two-year term of imprisonment, which he began serving immediately. Accordingly, all of the time served, prior to the date that federal authorities received primary custody of Mr. Arredondo on December 19, 2008, was applied to one of his State sentences. *Id*. at p. 4, 12-16.

Because Mr. Arredondo received credit on his state sentence for the time period at issue, under the applicable statute, he cannot also receive credit on his federal sentence for that same time period.  See *United States v. Wilson*, 503 U.S. at 337 (by enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"); see also *Potwin v. Sanders*, 231 Fed. Appx. 538, 539 (8th Cir. 2007) (unpub.) (federal inmate not entitled to credit where "time at issue had been credited by the State of Texas to his state parole-violation sentence and may not be double counted"); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993) (federal defendant not entitled to credit for time spent in state custody where he received credit against his state sentence for that period).

Mr. Arredondo also claims that he is entitled to retroactive or *nunc pro tunc* designation of the Arkansas Department of Correction as an institution for service of his federal sentence. (#2 at p. 4)  Mr. Arredondo is not eligible for *nunc pro tunc* designation because he was subject to his state sentences at the time of his federal sentencing.  When a federal defendant, at the time of sentencing, is already subject to an undischarged term of imprisonment, 18 U.S.C. § 3584(a) expressly authorizes the district court to make the federal sentence run concurrently or consecutively with the undischarged term.  *Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007).  If the court does not specifically state that the newly imposed sentence is to run concurrently with the undischarged term,

the statute provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively." 18 U.S.C. § 3584(a).

Here, the Court was aware of Mr. Arredondo's state sentences at the time of his federal sentencing. The Court did not specify, however, that Mr. Arredondo's federal sentence was to run concurrently with either of his state sentences. Accordingly, under the statute, the BOP properly calculated Mr. Arrendondo's federal sentence to run consecutive to his state sentences. See *Zeigler v. Sanders*, 2006 WL 2365719, *8 (E.D. Ark. 2006).

### III. Conclusion

BOP officials have correctly calculated Mr. Arredondo's sentence under the applicable statutes. Accordingly, William Arredondo's petition for a federal writ of habeas corpus is DENIED, and this case is DISMISSED, with prejudice.

DATED this 13th day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE